IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Denise Lashone Frasier, | ) | Civil Action No.:5:12-cv-03295-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Carolyn W. Colvin,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Denise Lashone Frasier ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. On January 24, 2014, the Magistrate Judge issued a Report and Recommendation in which she concluded that the findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence. Accordingly, the Magistrate Judge recommends affirming the Commissioner's decision. (ECF No. 33.) Plaintiff filed Objections on February 10, 2014. (ECF No. 35.) Commissioner filed a reply on February 27, 2014. (ECF No. 37.) For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. Plaintiff was twenty-six years old on her alleged disability onset date. (Tr. at 26.) Plaintiff alleges disability due to heart disease, shortness of breath, headaches, and diabetes. (Tr. at 16, 209, 238, 273.) Plaintiff has no past relevant work experience and has a limited education. (Tr. at 26, 41-42.) Plaintiff filed an application for disability insurance benefits ("DIB") and for Supplemental Security Income ("SSI") on March 26 and April 23, 2009, respectively. (Tr. at 157-168.) Plaintiff's applications were denied initially and upon reconsideration. (Tr. at 14.) A hearing before an Administrative Law Judge ("ALJ") was held on December 2, 2010. (Tr. at 1.) The ALJ found that Plaintiff was not under a disability as defined by the Social Security Act. (Tr. at 14-27.) The Appeals Council denied Plaintiff's request for review (Tr. at 1-3), making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court on November 16, 2012. (ECF No. 1.)

## II. REPORT AND RECOMMENDATION

The Magistrate Judge recommends affirming the ALJ's decision. (ECF No. 33 at 17.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court

is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## III. PARTIES' RESPONSE

Plaintiff filed objections to the Report and Recommendation ("Objections") on February 10, 2014. (ECF No. 35.) Specifically, Plaintiff argues that the Magistrate Judge erred in determining that substantial evidence supports the ALJ's finding that Plaintiff's intellectual disability does not meet the criteria of Listing 12.05C; mistakenly found that the error in the ALJ's Residual Functional Capacity ("RFC") finding was harmless; erred in finding that the ALJ appropriately considered Plaintiff's treating physicians; and incorrectly assumed the propriety of the ALJ's hypothetical question to the vocational expert and the resulting determination that Plaintiff is capable of performing jobs which exist in significant numbers in the national economy. The Commissioner filed a reply to Plaintiff's objections to the Report and Recommendation asking this Court to affirm the final administrative decision for the reasons set forth in the Commissioner's previous submissions to the Court. (ECF No. 37 at 1.)

## IV. DISCUSSION OF THE LAW

### A.     STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was

applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater,* 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

B.     LISTING 12.05C

Plaintiff argues that the ALJ erred in failing to find Plaintiff disabled under Listing 12.05C and asks this Court to reject the Magistrate Judge's determination that substantial evidence supports

the ALJ's finding that the listing for mental retardation[2] is not met. (ECF No. 35 at 3.)

Listing 12.05 "requires a showing of 'deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22 ' ("Prong 1"). Listing 12.05 also requires the satisfaction of one of four additional requirements identified as Requirements A–D. . .("Prong 2"), as well as 'a physical or other mental impairment imposing an additional and significant work-related limitation of function' ("Prong 3")." *Hancock v. Astrue*, 667 F.3d 470, 473 (4th Cir. 2012). Listing 12.05C requires "[a] valid verbal, performance, or full scale IQ of 60–70." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C. At issue here and relevant to Plaintiff's objections is Prong 1 which requires a showing of "deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." Listing 12.05 does not define "adaptive functioning." However, "[d]eficits in adaptive functioning can include limitations in areas such as communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety." *Jackson v. Astrue*, 467 F. App'x 214, 218 (4th Cir. 2012)(unpublished opinion). Plaintiff claims that the evidence in the record clearly establishes Prong 1 as demonstrated by her performance on the Vineland Adaptive Behavioral Scales and her school records. (ECF No. 35 at 2.)

The Court finds the ALJ's determination that Plaintiff does not meet Prong 1 to be supported by substantial evidence. The Magistrate Judge fully considered Plaintiff's arguments about her evidence of deficits in adaptive functioning and concluded that the ALJ considered Plaintiff's school

---

[2]On August 1, 2013, the Social Security Administration amended Listing 12.05 by replacing the words "mental retardation" with "intellectual disability." *See* 78 Fed.Reg. 46,499, 46,501 (to be codified at 20 C.F.R. pt. 404, subpt. P, app. 1). The change "does not affect the actual medical definition of the disorder or available programs or service." *Id.* at 46,500.

records and testing in reaching his decision. (ECF No. 33 at 11-12.) Although Plaintiff does not appear to agree with the ALJ's ultimate conclusion that Plaintiff failed to satisfy Prong 1 of Listing 12.05C, in reviewing for substantial evidence, it is not this Court's job to "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir.1996). The Court further finds no error in the Magistrate Judge's review on this issue and finds that the ALJ's finding that the Listing was not met to be supported by substantial evidence.[3]

### C.     RESIDUAL FUNCTIONAL CAPACITY ("RFC") FINDING

Plaintiff contends that the ALJ's RFC findings are defective. In her RFC assessment, the ALJ found that Plaintiff is able to read and write simple words at the 3rd grade level, add/ subtract numbers at the 13th grade level,[4] and spell at the 5th grade level. (Tr. at 20.) The Magistrate Judge appears to have posed similar figures to the vocational expert as part of a hypothetical during the administrative hearing. (Tr. at 54.) Plaintiff disagrees with the Magistrate Judge's finding that the reference to the 13th grade level appears to be an editing or typographical error. (ECF No. 35 at 4.) Plaintiff argues that it is possible that the vocational expert might have testified differently, even despite the ALJ's limitation that Plaintiff is restricted to "simple, routine, repetitive tasks," if the hypothetical had been phrased differently.[5] (ECF No. 35 at 4-5.)

---

[3] The Magistrate Judge correctly concluded that because the ALJ's finding as to Listing 12.05's diagnostic criteria is supported by substantial evidence, any error by the ALJ on 12.05C's third prong (significant work-related limitations), is harmless as Plaintiff is required to satisfy Listing 12.05's main diagnostic requirements, plus the additional requirements in Paragraph C to prove she is disabled under this provision. (ECF No. 33 at 13.)

[4] Results from the Wide Range Achievement Test administered to Plaintiff indicates a math computation score in the 13th percentile. (Tr. at 805.)

[5] The ALJ posed a hypothetical question regarding: " an individual 30 years of age, and she completed the eighth grade. She does not have a GED. She can read and write simple

-6-

The Court concludes that the ALJ's RFC finding is supported by the record on the whole. The ALJ clearly considered Plaintiff's limitations with regard to her mental functioning in the RFC analysis. In light of the proffer that Plaintiff was only able to "add and subtract simple numbers," it would be a stretch to suggest that the vocational expert was misled by a reference to the 13th grade, which is post-high school graduate/ first year of college level and would likely involve course work such as pre-calculus, calculus, and statistics. To the extent the ALJ should have re-phrased her hypothetical to the vocational expert or should have stated percentiles in his RFC finding, the error is harmless and does not change the outcome of the claim or substance of the decision. *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (finding the ALJ's error harmless when ALJ would have reached the same result notwithstanding an initial error in his analysis).

D.     TREATING PHYSICIAN

Plaintiff complains that the ALJ failed to give proper weight to the medical source opinions of Plaintiff's treating physician. (ECF No. 35 at 5.) The ALJ reviewed and discussed the medical evidence in the record and concluded that Dr. Jim Spann's opinion should be accorded little weight as inconsistent with the substantial evidence of record. (Tr. at 24.) Plaintiff, however, contends that a thorough review of the record reflects an abundance of evidence to support the opinion of Dr. Spann as to the nature and extent of Plaintiff's functional limitations. (ECF No. 35 at 5-6.) In view of the several reasons set forth by the ALJ for assigning Dr. Spann's opinion about the "vocational implications of [Plaintiff's] various medical problems" less weight (ECF No. 35 at 5), Plaintiff's objection is without merit. The Magistrate Judge fully addressed Plaintiff's contentions of error regarding the weight assigned to the opinion of Dr. Spann and the analysis conducted by the ALJ

---

words. She can add and subtract simple numbers. And to be a bit more specific, she can read at the third grade level, spell at the fifth grade level, and do math or arithmetic at the 13th grade level.... She can perform simple, routine, repetitive tasks in a stable environment." (Tr. at 54.)

as required by 20 C.F.R. § 404.1527. (ECF No. 33 at 15-16.) Although Plaintiff sets forth other evidence which might support a different result, with substantial evidence supporting the ALJ's decision, this Court cannot reweigh the evidence and second guess the ALJ. *See Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### E.     VOCATIONAL EXPERT TESTIMONY

Lastly, Plaintiff submits that the Court should decline to adopt the Magistrate Judge's recommendation regarding the propriety of the ALJ's hypothetical question to the vocational expert and her resulting determination that Plaintiff is capable of performing jobs which exist in significant numbers in the national economy. (ECF No. 35 at 7.) Plaintiff asserts that the ALJ posed a flawed hypothetical question which inflated Plaintiff's skills in the areas of reading, writing, spelling, and math. (ECF No. 35 at 7.) The Magistrate Judge addressed the issue in her Report and Recommendation and concluded that the hypothetical posed to the vocational expert was an accurate representation of Plaintiff's impairments and that any purported inaccuracies as to Plaintiff's skills was a harmless error. (ECF No. 33 at 17.) The Court concurs in the Magistrate Judge's conclusion that the ALJ's findings regarding the existence of jobs in the national economy is supported by substantial evidence. (ECF No. 33 at 17.)

At Step Five, the ALJ must determine whether, considering a claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. 42 U.S.C. § 423(d) (2)(A); 20 C.F.R. §§ 404.1569, 404.1569(a). At Step Five, the burden shifts to the Commissioner to "show that the claimant retains the capacity to perform an alternative work activity and that this specific type of job exists in the national economy." *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir.1983). The Commissioner may carry this burden by obtaining testimony from a vocational expert to assist the ALJ in making the

determination. *Id.* at 192. The vocational expert's testimony must be based upon consideration of the other evidence in the record and "in response to proper hypothetical questions which fairly set out all of the claimant's impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir.1989).

Here, the hypothetical posed to the vocational expert concerned an individual who was only able to perform "simple, routine, repetitive tasks in a stable environment" based on limited reading, writing, and mathematical abilities. (Tr. at 54.) Based on the restrictions set forth by the ALJ after having considered Plaintiff's educational history and test scores, the vocational expert testified that such an individual would be able to perform the sedentary, unskilled jobs of assembler, sorter, and digital inspector. (Tr. at 55.) It is clear that some of the specific limitations in the RFC were intended to take Plaintiff's limited academic skills into consideration. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, 166 F.3d 1209, 1999 WL 7864, at *5 (4th Cir. Jan.11, 1999) (per curiam)(unpublished opinion), and in this case, the hypothetical presented to the vocational expert was supported by substantial evidence and allowed the vocational expert to identify several appropriate jobs in the local and national economies after accounting for Plaintiff's mental and physical conditions. *See Cline v. Chater*, 82 F.3d 409, 1996 WL 189021 (4th Cir. Apr. 19, 1996) (per curiam) (unpublished opinion)(concluding that the hypothetical question's inclusion of the phrases "third grade education" and "limited ability to read and write" did not render the vocational expert's evaluation despite Plaintiff's objection that the record lacked evidence to support such findings). The Court finds no error.

V.    CONCLUSION

After a thorough review of the record and the objections, the Court finds no error and no cause for remand in this matter. Substantial evidence supports the ALJ's decision. The Court concurs in the recommendation of the Magistrate Judge and adopts the Report and Recommendation

and incorporates it herein by reference.  The decision of the Commissioner is AFFIRMED.

    IT IS SO ORDERED.

                                         /s/ Mary G. Lewis  
                                        United States District Judge

March 14, 2014  
Spartanburg, South Carolina